IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01230-LTB-MJW


PATRICIA LUCIOUS,

Plaintiff,

v.

COLLEEN SCARAMELIA [SIC], and
NANCY SIENKO,

Defendants.

---

**RECOMMENDATIONS ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 6)
AND
UNITED STATES' MOTION TO SUBSTITUTE (Docket No. 11)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


This case is before the undersigned pursuant to an Order of Reference to United

States Magistrate Judge issued by Judge Lewis T. Babcock on June 14, 2007 (Docket

No. 3).

Now before the court for report and recommendation are the defendants' Motion

to Dismiss (Docket No. 6) and the United States' Motion to Substitute (Docket No. 11).

The court has reviewed the motions, the pro se plaintiff's "Responce [sic] to latest

frivolous motion . . . ." (Docket No. 13), and the court's file.  In addition, the court has

considered applicable Federal Rules of Civil Procedure and case law.  The court now

being fully informed makes the following findings of fact, conclusions of law, and

recommendations.

Rule 12(b)(1) of the Federal Rules of Civil Procedure:

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp.2d

1091, 1094-95 (D. Colo. 2001).

Since the plaintiff is not an attorney, her pleadings have been construed liberally

and held to a less stringent standard than formal pleadings drafted by lawyers. See

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S.

519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to

state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's

3

failure to cite proper authority, his confusion of various legal theories, his poor syntax
and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the
same time, . . . it is [not] the proper function of the district court to assume the role of
advocate for the pro se litigant." Id.

   This case was removed to this court by the two named defendants, Colleen
Scaramella and Nancy Sienko (employees of the United States Equal Employment
Opportunity Commission ["USEEOC"]), and the United States of America from the
Small Claims Court for the City and County of Denver  pursuant to 28 U.S.C. §§ 1446
and 2679.  In the NOTICE, CLAIM AND SUMMONS TO APPEAR FOR TRIAL filed in
state court by the pro se plaintiff, plaintiff merely claims that the two defendants owe
her $7,500.00 because they allegedly did not "perform the implied contract" for "2 plus
yrs." (Docket No. 1-2).

   The United States Attorney for the District of Colorado has filed a Certificate of
Scope of Employment certifying that "[o]n the basis of the information now available
with respect to the incidents referred to [in the Complaint in this action], Colleen
Scaramelia and Nancy Sienko were acting within the scope of their employment as
employees of the United States at the time of the incidents alleged in the Complaint."
(Docket No. 1-3).

   The defendants and the United States of America move to have the United
States substituted as the sole defendant for all purposes of the Complaint pursuant to
28 U.S.C. § 2679.  It is asserted that the plaintiff alleges that the defendants failed to
perform some duty that they were contractually obligated to perform, which seems to be

4

an allegation that there was a tortious interference with a contract, or some other form of tort allegation.  They contend that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their employment.  In addition, the FTCA, 28 U.S.C. § 2679(d)(1), provides that upon certification by the Attorney General or his delegated representative that a federal employee was acting within the scope of employment at the time of the incident out of which the claim arose, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as sole defendant for said claim.  According to the United States (citing 28 C.F.R. § 15.3 & Appendix), the Attorney General has delegated certification authority to the Assistant Attorney General in charge of the Civil Division, and the latter has redelegated certification authority to the United States Attorneys.  In the instant case, the United States Attorney for this district has made such a certification with regard to the two named defendants.  Based on the above, it is recommended that the United States be substituted as the sole defendant in this action.  The United States is the only proper party.  See Oxendine v. Kaplan, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001).

The United States also moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Complaint on the ground that the plaintiff has not yet exhausted her administrative remedies as required by the FTCA, 28 U.S.C. § 2671 *et seq.*, and thus the court is deprived of jurisdiction to hear her Complaint.  In the event the court finds that there is

jurisdiction, the United States requests that the plaintiff be required to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Once again, in this motion, the United States asserts that plaintiff's allegation appears to be that there was a tortious interference with a contract, or some other form of tort allegation.  Furthermore, the United States correctly asserts that the FTCA is the exclusive remedy for all common law torts committed by federal employees while acting within the scope of their office or employment.  In addition, the United States claims that the plaintiff has not filed an administrative claim concerning the alleged tort with the USEEOC, nor has she obtained an agency decision on such a claim, as required by the FTCA.  Therefore, it is asserted that this court lacks jurisdiction over the plaintiff's claim.       "The FTCA imposes two main burdens on those filing tort claims against the United States:  a requirement that they exhaust administrative remedies before pursuing judicial action, and a time limit after which their claims become invalid." Burkins v. United States, 865 F. Supp. 1480, 1490 (D. Colo. 1994) (citing 28 U.S.C. §§ 2401, 2675(a)).  In the instant case, defendants assert that the plaintiff has failed to meet the first requirement.  With regard to that requirement, 28 U.S.C. § 2675(a) provides in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a

final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a).  "[T]he requirements of § 2675(a) are jurisdictional."  Burkins, 865 F. Supp. at 1490.  The court finds that the plaintiff has made no showing that she has complied with § 2675(a) prior to commencing this action.  In addition, according to the Declaration of Denise Austin, the Secretary of the Office of Legal Counsel of the USEEOC, her diligent search of the Office of Legal Counsel's electronic records has not produced an administrative tort claim filed by the plaintiff concerning any actions taken by the two named defendants in this action.  In addition, she certified that plaintiff has not submitted an administrative claim of any kind to the EEOC.  (Docket No. 6-4 at ¶ 3).  Therefore, it is recommended that this action be dismissed without prejudice.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the United States' Motion to Substitute (Docket No. 11) be granted.  It is further

**RECOMMENDED** that the defendants' Motion to Dismiss (Docket No. 6) be granted and that this action be dismissed without prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of</u>**

**<u>Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**


Date:  July 19, 2007                    <u>s/ Michael J. Watanabe</u>
          Denver, Colorado              Michael J. Watanabe
                                        United States Magistrate Judge